# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| CATHERINE ANN PORCELLI, | : | CIVIL ACTION NO. 1:14-CV-1156 |
|---|---|---|
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 28th day of September, 2015, upon consideration of the report (Doc. 22) of Magistrate Gerald B. Cohn, recommending the court dismiss the appeal (Doc. 1) of plaintiff Catherine Ann Porcelli ("Porcelli") from the decision of the administrative law judge ("ALJ") denying her application for disability insurance benefits, and, following an independent review of the record, the court being in full agreement with Judge Cohn that the ALJ's decision is supported by substantial evidence, see 42 U.S.C. § 405(g) ("The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) ("Where . . . findings of fact are supported by substantial evidence, [the district court] is bound by those findings, even if [the court] would have decided the factual inquiry differently."), and it appearing that neither party has filed objections to the magistrate judge's report, and that there is no clear error on

the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 22) of Magistrate Judge Cohn is ADOPTED.

2. The decision of the Commissioner of Social Security ("Commissioner") denying the application for disability insurance benefits of Catherine Ann Porcelli is AFFIRMED.

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in accordance with this Third Circuit directive.

3. The Clerk of Court shall enter judgment in favor of the Commissioner and against Catherine Ann Porcelli as set forth in paragraph 2.

4. The Clerk of Court is further directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania